# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TOMAS CORTES-AVILA,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CR-4582 W<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE [DOC. 41]** |

On May 11, 2020, this Court sentenced Defendant Tomas Cortes-Avila to twenty-seven months imprisonment for making a false statement to a federal officer in violation of 18 U.S.C. § 1001(a)(2). Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c) arguing that the COVID-19 pandemic and his medical history warrant a modification of his sentence.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on defendant's behalf, or after "the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant petitioned the Bureau of Prisons to bring a motion on his behalf on November 8, 2020.  The Court, therefore, lacks jurisdiction to entertain his motion. See United States v. Reid, 2020 WL 1904598, *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion.").  Defendant's motion for reduction in sentence is **DENIED WITHOUT PREJUDICE** [Doc. 41].  He may refile the motion after properly exhausting his administrative remedies.

**IT IS SO ORDERED**.

Dated:  November 30, 2020

_____
Hon. Thomas J. Whelan
United States District Judge